# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>EFREN GALLEGOS-RAYMUNDO,<br><br>Defendant. | CASE NO. CR08-0159JLR<br><br>ORDER |

## I. INTRODUCTION

Before the court is Defendant Efren Gallegos-Raymundo's motion to return property (Dkt. # 257). The court has reviewed the motion, all submission filed in support of and opposition thereto, and the governing law. For the reasons stated below, the court DENIES the motion.

## II. BACKGROUND & ANALYSIS

Defendant moves, pursuant to Federal Rule of Criminal Procedure 41(g) for the return of $49,850.00 that the government seized at the time of his arrest. (Mot. (Dkt.

ORDER- 1

# 257).) Defendant failed to appear for a pre-trial hearing and counsel represented to the court that Defendant may have absconded to Mexico. (*See* 9/9/08 Min. Entry (Dkt. # 129).) On September 24, 1008, the government filed a Verified Complaint for Forfeiture of the $46,150.00 at issue here. (*See United States v. $46,150.00 in U.S. Currency, et al.*, No. C08-1424RSL (W.D. Wash.), Compl. (Dkt. # 1).) Following a stipulated settlement (*see id.*, Stip. Settlement & Order (Dkt. # 25)) with Defendant's spouse, Maria Raymudo-Garcia, the $46,150.00 at issue here was forfeited to the United States (*see id.*, Jdgt. of Forfeiture (Dkt. # 29)).

Defendant was subsequently arrested in another criminal matter. He now files a Rule 41(g) motion in this matter. Rule 41(g) is not the proper method to obtain the relief he seeks. *United States v. Rodriguez-Aguirre*, 414 F.3d 1177, 1182 (10th Cir. 2005) ("A Rule 41(e) [now Rule 41(g)] motion is an inappropriate vehicle for challenging a judicial forfeiture; the proper vehicle is a motion for relief of judgment under Rule 60(b) of the Federal Rules of Civil Procedure.").[1] The court has equitable jurisdiction to entertain a motion for return of property where the property was not forfeited pursuant to statute after adequate notice. *See United States v. Martinson*, 809 F.2d 1364, 1367, 1368 n.3 (9th Cir. 1987). However, no such equitable remedy is available where there has been an in rem civil forfeiture action with proper notice. *United States v. U.S. Currency $83,310.78*, 851 F.2d 1231, 1235 (9th Cir. 1988) ("[W]hen a civil forfeiture proceeding is

---

[1] "Effective December 1, 2002, Rule 41 was amended and reorganized. What was formerly Rule 41(e) is now found at Rule 41(g) with minor stylistic changes." *Rodriguez-Aguirre*, 414 F.3d at 1179 n.1.

pending, there is no need to fashion an equitable remedy to secure justice for the claimant."). The appropriate remedy would have been for Defendant to file a motion in the civil action (C08-1424RSL) under Federal Rule of Civil Procedure 60(b), but that remedy is now likely foreclosed because more than one year has passed since the entry of judgment in the civil in rem forfeiture proceeding. *See* Fed. R. Civ. P. 60(c); *see also United States v. Aponte-Vega*, 230 F.3d 522, 525 (2d Cir. 2000).

### III. CONCLUSION

Based on the foregoing, the court DENIES Defendant's motion (Dkt. # 257).

Dated this 25th day of February, 2014.

JAMES L. ROBART
United States District Judge

ORDER- 3